IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| PERRY D. FINCHER, | : |
| Plaintiff | : |
| VS. | : |
| | : 5 : 06-CV-336 (CAR) |
| MICHAEL J. ASTRUE, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

**RECOMMENDATION**

The plaintiff herein filed this Social Security appeal on September 25, 2006, challenging the Commissioner's final decision denying his application for disability benefits. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

*Background*

The plaintiff filed applications for social security benefits in October 2002, alleging disability since June 1, 2002, due to damaged nerves and bulging discs that cause pain and numbness in his arms and hands, and severe depression. His applications were denied initially and upon reconsideration. Following a hearing, the ALJ determined that the plaintiff was not disabled on April 9, 2004. The Appeals Council remanded plaintiff's claim for further development on October 21, 2004, providing a specific list of instructions for the ALJ upon remand. A second hearing was held before the ALJ on February 9, 2006, and the ALJ thereafter issued another unfavorable decision, finding that the plaintiff could make a vocational adjustment to light work activity, with certain restrictions. The Appeals Council then denied review and the plaintiff filed this appeal, arguing that the ALJ failed to comply with the Appeals

Council remand order, that new evidence merits a remand of this matter for further consideration, and that the ALJ's credibility finding was not based on substantial evidence.

At the time of the second hearing before the ALJ, the plaintiff was forty-nine (49) years of age, with nine (9) years of formal education and past relevant work experience as a building contractor, drywall applicator, construction worker, route delivery salesman, and machine packager.

*Standard of review*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

*Remand order*

In its remand order of October 21, 2004, the Appeals Council determined that the ALJ's decision that the plaintiff retained the residual functional capacity to perform jobs existing in significant numbers in the national economy did not satisfy the regulatory requirements in several respects. R. at 231-233. The plaintiff points specifically to the finding that:

> The rationale does not address the claimant's complaints of syncope, slurred speech and confusion. The claimant has alleged multiple episodes involving all three symptoms, only one of which has been witnessed by a physician. Physical work-up, per additional evidence, has been negative for cardiac involvement and he continues to have normal neurological examinations. Mental status testing, however, was last done in February 2003, prior to the onset of these episodes, and warrants further development.

R. at 232.

The Appeals Council went on to direct that upon remand, the Administrative Law Judge would comply with ten (10) separate directives, including:

> [o]btain[ing] additional evidence of the claimant's impairments in order to complete the administrative record in accordance with regulatory standards concerning consultative examinations and existing medical evidence. The additional evidence shall include updated records from all of the claimant's treating sources and may include a consultative mental status examination with memory testing, and medical source statements about what the claimant can still do despite the impairments.

The Appeals Council then specifically required that the ALJ:

> [g]ive further consideration to the claimant's maximum mental and physical residual functional capacity during the entire period at issue and provide rationale with specific references to evidence of record in support of the assessed limitations. In so doing, evaluate the treating and examining source opinions and nonexamining source opinions . . . and explain the weight given to such opinion evidence. *The [ALJ] shall request that the treating and examining sources*

3

> *provide additional evidence and clarification of the opinions and medical source statements about what the claimant can do despite the impairments.*

R. at 233 (emphasis added).

The Commissioner argues that "[t]he Appeals council did not order the ALJ to consider his complaints of syncope, slurred speech, and confusion on remand", but that the Appeals Council only discussed the ALJ's failure to address these complaints and did not include specific instruction regarding this failure in that portion of the remand order providing specific directives to the ALJ. In regard to the directive that the ALJ obtain additional testimony from treating and examining sources, the Commissioner argues that Dr. Giron, a treating source, voluntarily submitted a questionnaire after the Appeals Council remanded the case, thereby satisfying the ALJ's obligation to obtain additional evidence from this physician.

A review of the ALJ's final decision herein and the Appeals Council's remand order dated October 21, 2004, reveals that the Commissioner's arguments are without merit. On remand form the Appeals Council, "the [ALJ] shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 404.977(b). In regard to Dr. Giron and whether the ALJ satisfied the Appeals Council's directive to obtain additional evidence from him and other treating sources, the court notes that Dr. Giron submitted an additional questionnaire dated February 6, 2006. R. at 368-71. The ALJ noted this questionnaire, but discounted it, stating that "[i]nterestingly, for some reason, there are no reports from Dr. Giron after June 2005. Further, Dr. Giron does not state the basis for the functional limitations he proposed in the residual functional capacity he submitted and such information is not readily apparent from his treatment

records. In essence, it appears that Dr. Giron also did little more than act as the claimant's scrivener, and did little more than write what the claimant told him while adding some medical labels." R. at 27. It thus is clear that the ALJ himself noted the lack of complete information from this treating source, yet he did not recontact this physician, as specifically directed by the Appeals Council, nor does it appear that the ALJ recontacted any treating or examining source, as directed by the Appeals Council. Moreover, the ALJ did not discuss or apparently consider the plaintiff's assertions of syncope, slurred speech, and confusion. The Commissioner's argument that the Appeals Council did not specifically include instructions to consider these conditions ignores the overall scope of the Appeals Council's remand order and the context of the entirety of its order. *See Tauber v. Barnhart, 438 F. Supp. 2d 1366, 1375 (N.D.Ga. 2006) (*although Appeals Council's statements could be "construed as simply conveying the pertinent facts, when read in the context of the entirety of the [remand order]", the Appeals Council's mandate for further development of the points at issue was clear.).

Inasmuch as the Commissioner's final decision in this matter is not supported by substantial evidence, it is the recommendation of the undersigned that the Commissioner's decision be **REVERSED AND REMANDED** pursuant to Sentence Four of § 405(g) for further consideration in light of the Appeals Council's October 21, 2004, order. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable C. Ashley Royal, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 28th day of February, 2008.

/s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb